Filed 10/4/16  P. v. Frankel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE, | C080650 |
| Plaintiff and Respondent, | (Super. Ct. No. CM043388) |
| v. | |
| SHANE AUGUST FRANKEL, | |
| Defendant and Appellant. | |

Defendant Shane August Frankel pleaded guilty to threatening his girlfriend and was placed on probation, including a condition requiring him to make his data storage devices available for inspection.  Defendant challenges this electronic search condition, claiming it is overbroad and unreasonable.  We shall affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2015, defendant and Lindsay Dunlap had been in a romantic relationship for one month; at the time of the incident, they had been living together for two days in the backyard of defendant's aunt's home. Defendant was "possessive" and grew angry every time Dunlap mentioned going anywhere without him.

Early that morning, Dunlap told defendant she wanted to leave. Defendant grew angry, pinned her to the ground, and repeatedly told her she was not leaving. He then grabbed a knife and held it to her head, telling her he was going to "do her" and then "do himself." Dunlap feared for her life, believing defendant was going to kill her. Defendant grabbed Dunlap by the neck with both of his hands, lifted her off the ground, and pinned her against the backyard fence with her feet dangling off the ground. Dunlap could not breathe and eventually lost consciousness. Dunlap woke up to find defendant holding her to the ground and raising his fist as though he were going to punch her.

Defendant's aunt witnessed the incident and, over defendant's objections, called 911. Defendant told the police he and Dunlap were methamphetamine users and "bicker[ed]" with each other. He denied there was any physical altercation and claimed Dunlap was threatening him with the knife.

Defendant was charged with injuring a cohabitant, with an enhancement for infliction of great bodily injury (Pen. Code, §§ 273.5, subd. (a), 12022.7, subd. (e)— count 1),[1] and felony making criminal threats against Dunlap (§ 422, subd. (a) — count 2). Defendant pleaded guilty to count 2. Per the parties' agreement, count 1 and the enhancement were dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

---

[1] Undesignated statutory references are to the Penal Code.

2

The trial court suspended imposition of sentence and placed defendant on 36 months' probation.  Defendant's probation terms included serving 180 days in jail and the following electronic search condition:  "The defendant shall be required to make available for inspection, including providing passwords or unlock codes, any data storage device, including cellular telephones and computers, and any network applications associated with those devices, including social media and remote storage services.  All said devices are subject to search by any peace officer upon request."  The court also issued a criminal protective order prohibiting contact with Dunlap (§§ 136.2, 1203.097) and included a probation condition prohibiting defendant from contacting, annoying, harassing, harming, or communicating with Dunlap.  During sentencing, defense counsel objected to the electronic search condition, arguing it was not connected to the crime or defendant's rehabilitation.  Defendant appeals.

## DISCUSSION

Defendant contends the electronic search condition is invalid under *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), superseded on other grounds as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290.  We disagree.

A trial court has broad discretion to impose reasonable conditions of probation in order to promote the rehabilitation of the probationer.  (§ 1203.1, subd. (j); see also *People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).)  A trial court does not abuse its discretion unless its determination is arbitrary or capricious or " ' "exceeds the bounds of reason, all of the circumstances being considered." ' "  (*People v. Welch* (1993) 5 Cal.4th 228, 234.)

Under *Lent*, a probation condition is invalid if it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' "  (*Lent*, *supra*, 15 Cal.3d at p. 486.)  All three prongs must be met to invalidate a probation condition.  (*Olguin*, *supra*, 45 Cal.4th at p. 379; see *Lent*, at p. 486,

3

fn. 1.) "As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin*, at pp. 379-380.)

Although communicating electronically is not itself criminal and nothing in the record suggests any electronic device played a role in defendant's current offense, the electronic search condition is reasonably related to preventing future criminality. Defendant is subject to a criminal protective order and a probation condition prohibiting him from contacting Dunlap in any way, including electronically. Despite defendant's assurances during sentencing that he "understands [his] relationship [with Dunlap] is over," Dunlap described him as "possessive" and said he grew angry every time she mentioned going anywhere without him. During the short length of their relationship, defendant threatened to kill Dunlap and committed serious violence against her, including strangling her to the point of unconsciousness. Even if there is no evidence of defendant's previously using an electronic device to contact Dunlap, it is not unreasonable that he might attempt to do so in the future. The electronic search condition enables the probation officer to monitor defendant's compliance with the protective order and his probation conditions. Accordingly, the electronic search condition was reasonable under the circumstances, and the trial court did not abuse its discretion in imposing it. (See *People v. Ebertowski* (2014) 228 Cal.App.4th 1170, 1176-1177 [finding a similar electronic search condition reasonably related to future criminality because it enabled probation officer to monitor the defendant's gang associations and activities].)[2]

---

[2] The California Supreme Court recently granted review in a case presenting the question of whether a probation condition requiring a minor to submit to warrantless searches of his "electronics including passwords" was overbroad. (*In re Ricardo P.* (2015)

4

**DISPOSITION**

The judgment is affirmed.

<u>            RAYE            </u>, P. J.

We concur:

<u>          BLEASE          </u>, J.

<u>          DUARTE          </u>, J.

---

241 Cal.App.4th 676, review granted Feb. 17, 2016, S230923; see also *In re Patrick F*.
(2015) 242 Cal.App.4th 104, review granted Feb. 17, 2016, S231428 [briefing deferred].)